[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-11400

_____

D. C. Docket No. 6:11-cv-00742-ACC-GJK

MCO AIRPORT CONCESSIONS, LLC,
a Florida limited liability company,
ORLANDO AIRSIDE INVESTMENTS, LLC,
a Florida limited liability company,
SUPERIOR HOSPITALITY MANAGEMENT, LLC,
a Florida limited liability company,
TYRONE W. NABBIE,
an individual,
BASSEL MAALI,
an individual,
CHAD MAALI,
an individual,
JIHAD MAALI,
an individual,
MANAR MAALI,
an individual,
SAAD MAALI,
an individual,
RANDA MAALI-ITANI,

Plaintiffs – Appellants,

versus

GREATER ORLANDO AVIATION AUTHORITY,
an agency of the City of Orlando,

CITY OF ORLANDO,
STEVE GARDNER,
an individual,
CHRIS SCHMIDT,
an individual,
ROBERT L. GILBERT,
an individual,

Defendants – Appellees.

————————

Appeal from the United States District Court
for the Middle District of Florida

————————

(February 13, 2013)

Before DUBINA, Chief Judge, MARTIN and ALARCÓN,[*] Circuit Judges.

PER CURIAM:

This case concerns a failed bid for a concessions contract in Airside 3 of the Orlando International Airport.  Appellants claim the Greater Orlando Aviation Authority, the City of Orlando, the Executive Director of the Authority, Steve Gardner, and two Deputy Executive Directors of the Authority, Chris Schmidt and Robert L. Gilbert (collectively "Appellees"), conducted a rigged bid process when awarding the concessions contract to Areas/Hojeij-JV with the intent to discriminate against Appellants on account of their race, color, national origin, and religion.  The district court dismissed their ten-count first amended complaint

---

[*]Honorable Arthur L. Alarcón, United States Circuit Judge for the Ninth Circuit, sitting by designation.

2

because Appellants lacked standing to sue Appellees directly.  It also denied Appellants' motion for leave to file a second amended complaint and to add an additional party because granting the motion would be futile as Appellants failed to plausibly state any claims for relief.[1]

The issues presented on appeal are (1) whether the district court erred in dismissing Appellants' first amended complaint because Appellants did not have standing to sue Appellees directly; and (2) whether the district court erred in denying Appellants' motion for leave to file an amended complaint and add an additional party because Appellants failed to state a claim upon which relief could be granted.

"We review *de novo* the district court's grant of a motion to dismiss under Rule 12(b)(6)."  *Redland Co., Inc. v. Bank of Am. Corp.*, 568 F.3d 1232, 1234 (11th Cir. 2009) (citation omitted).  "[T]he appellate court must accept the factual allegations of the complaint as true and may affirm . . . 'only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'"  *Mesocap Ind. Ltd. v. Torm Lines*, 194 F.3d 1342, 1343 (11th Cir. 1999) (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S. Ct. 2229, 2232 (1984)).

---

[1] The district court also found all Appellants, except MCO Airport Concessions, LLC, lacked standing to bring a derivative suit under the proposed second amended complaint.

"[T]his court reviews standing *de novo*." *Eng'g Contractors Ass'n of S. Fla., Inc. v. Metro. Dade Cnty.*, 122 F.3d 895, 903 (11th Cir. 1997).

The court generally reviews the denial of a motion to amend for abuse of discretion, however, "when the district court denies the plaintiff leave to amend due to futility, we review the denial *de novo* because it is concluding that as a matter of law an amended complaint would necessarily fail." *Fla. Evergreen Foliage v. E.I. DuPont De Nemours & Co.*, 470 F.3d 1036, 1040 (11th Cir. 2006) (internal quotation marks omitted).

After reviewing the record, reading the parties' briefs, and having the benefit of oral argument, we affirm the granting of Appellees' motion to dismiss and the denial of Appellants' motion for leave to amend based on the district court's well-reasoned order filed on February 14, 2012.

AFFIRMED.